UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KISHA JOSEPH | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 11-2010 |
| | * | |
| WAL-MART STORES, INC. | * | SECTION "L"(5) |

### ORDER & REASONS

Before the Court is defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") Motion for Summary Judgment (R. Doc. 18). For the following reasons, IT IS ORDERED that Wal-Mart's Motion is GRANTED.

**I.      BACKGROUND**

This matter arises out of alleged injuries sustained as a result of a slip-and-fall in a store. On or about July 10, 2011, at approximately 6:45 a.m., Plaintiff, Kisha Joseph, was shopping in the Wal-Mart store located in Ponchatoula, Louisiana. While shopping, Plaintiff alleges she slipped-and-fell in a puddle of water between registers 26 and 30 and the ice coolers, suffering personal injuries.

On July 11, 2011, Plaintiff filed suit against Wal-Mart in the 21st Judicial District Court of Tangipohoa Parish, State of Louisiana. *See* (R. Doc. 1-1). Plaintiff alleges claims against Wal-Mart for premises liability arising from the incident. *See id.* Plaintiff further alleges injuries of "severe and disabling injuries including but not limited to, injury to the bones, muscles, tendons, ligaments and soft tissue of her back and neck." *Id*. She seeks damages for past, present, and future pain, disability, medical expenses, impairment of earning capacity, as well as for loss of love and affection to her husband and minor child. *Id.*

On August 16, 2011, Wal-Mart filed a Notice of Removal in this Court, alleging federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (R. Doc. 1).  Then on August 19, 2011, Wal-Mart filed an Answer, denying liability for Plaintiff's injuries and damages and raising a number of affirmative defenses.

## II.    PRESENT MOTION

### A.    Wal-Mart's Motion

Wal-Mart filed the present Motion, arguing Plaintiff fails to meet her burden of proof under Louisiana Revised Statute 9:2800.6, because she cannot prove that Wal-Mart had actual or construction notice of the condition of the floor at the time of her slip-and-fall.  Wal-Mart claims that neither the Plaintiff nor her mother knew the alleged liquid was on the floor prior to Plaintiff's slip-and-fall.  It further claims they have not put forth any evidence that Wal-Mart knew or should have known the liquid was on the floor.

### B.    Plaintiff's Response

Plaintiff filed a Response in opposition (R. Doc. 22), arguing that Wal-Mart's Motion is premature because she still has time within the discovery deadline to depose the Wal-Mart employee and manager working at the time of the incident and these depositions may establish notice on the part of Wal-Mart.  Plaintiff also claims that Wal-Mart as the employer is under the obligation to produce these employees who, according to Plaintiff, may provide the necessary evidence on notice.

### C.    Wal-Mart's Reply

Wal-Mart filed a Reply in further support of its Motion.  (R. Doc. 26).  Wal-Mart argues that Plaintiff failed to address the substantive claims in its Motion, instead focusing on her yet-to-be-conducted depositions of the Wal-Mart employees.  Wal-Mart claims it is under no

obligation to produce these employees because they no longer work for the store. It also claims that Plaintiff first noticed these depositions in November 2011, but did not follow-up to schedule the depositions until the present Motion was filed. Wal-Mart proposes continuing the present Motion until the next hearing date, which is after the discovery deadline, to allow Plaintiff the opportunity to conduct these depositions and, if appropriate, allow the parties to file supplemental briefs. This period has now passed and it does not appear further discovery was sought.

### III.   LAW & ANALYSIS

#### A.   Standard of Review

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the moving party has met its Rule 56(c) burden, the nonmovant cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster*, 227 F.3d 504, 508 (5th Cir. 2000). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the nonmovant. *Id.* at 255.

#### B.   Merchant Liability

Because the present matter is before the Court pursuant to 28 U.S.C. 1332, the Court is obliged to apply the substantive law of the forum state; here, that is Louisiana law. *Ins. Office of Am., LLC v. H I Insulation, LLC*, 2012 WL 425916, at *2 (5th Cir. Feb. 10, 2012)(citing *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010)). Under Louisiana law, Louisiana Revised Statute § 9:2800.6 governs claims of store patrons against merchants for injuries sustained while on the premises of the merchant's store. This statute provides that "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might given rise to damage." La. Rev. Stat. § 9:2800.6.

Here, Plaintiff is raising a negligence claim against Wal-Mart for her alleged slip-and-fall at the Wal-Mart store and the resultant injuries. For such claims, § 9:2800.6(B) imposes the burden on the claimant "of proving, in addition to all other elements of his cause of action, all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

The statute defines "constructive notice" as "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the

employee knew, or in the exercise of reasonable care should have known, of the condition." La. Rev. Stat. § 9:2800.6.

Here, the issue in dispute is whether there exists evidence demonstrating Wal-Mart had notice, actual or constructive, of the liquid on the floor prior to Plaintiff slipping in this liquid. Plaintiff has not set forth any evidence of Wal-Mart's notice, but seeks to produce such evidence through the depositions of the Wal-Mart employee in the vicinity of the spill and the Wal-Mart manager in charge of this employee. At the time of the original filing of the Motion, the discovery deadline had not yet lapsed; accordingly, Wal-Mart suggested continuing the submission date on the Motion so as to allow Plaintiff to depose these Wal-Mart employees. The Court has waited until well beyond the discovery deadline to address the Motion, yet Plaintiff has not provided any indication that she has deposed these employees within the discovery deadline, and if she did, that these employees provided any testimony supporting notice on the part of Wal-Mart. Accordingly, the Court finds that there exist no genuine issues of material fact which would support Plaintiff's claims and Wal-Mart is entitled to judgment as a matter of law in its favor.

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Wal-Mart's Motion for Summary Judgment (R. Doc. 18) is GRANTED.

New Orleans, Louisiana this 30th day of March, 2012.

_Eldon E. Fallon_
UNITED STATES DISTRICT JUDGE